(C. D. 1717)

DAVIES TURNER & COMPANY v. UNITED STATES

United States Customs Court, First Division

(Decided July 14, 1955)

*Wallace & Schwartz* (*Barnes, Richardson & Colburn* by *Joseph Schwartz* and *Edward N. Glad* of counsel) for the plaintiff.
*Warren E. Burger*, Assistant Attorney General (*Richard H. Welsh* and *Samuel D. Spector*, trial attorneys), for the defendant.

Before OLIVER, MOLLISON, and WILSON, Judges

MOLLISON, Judge: The merchandise the subject of these protests is described on the invoices as "Plastilene #70 (Blown Castor Oil)" and was assessed with duty at the rate of 20 per centum ad valorem

under the provision in paragraph 56 of the Tariff Act of 1930, reading as follows:

> * * * other oils and fats [than hydrogenated or hardened oils and fats], the composition and properties of which have been changed by * * * oxidizing * * * and not specially provided for * * *.

There is no dispute that the merchandise at bar consists of blown castor oil and that it is castor oil which has been subjected to an oxidizing process, as a result of which its composition and certain of its properties, such as viscosity, have been changed. Plaintiff, nevertheless, contends that the merchandise is properly dutiable at the rate of 1½ cents per pound under the provision in paragraph 53 of the Tariff Act of 1930, as modified by the Supplementary Presidential Proclamation, T. D. 51970, carrying out the General Agreement on Tariffs and Trade, T. D. 51802, for:

> Oils, vegetable: Castor * * *.

Plaintiff relies upon the doctrine expressed in *Smillie & Co.* v. *United States*, 11 Ct. Cust. Appls. 199, 201, T. D. 38966, as follows:

> * * * where a dutiable provision names an article without terms of limitation all forms of the article are thereby included unless a contrary legislative intent otherwise appears * * *.

This rule of construction has been stated more elaborately in *Nootka Packing Co. et al.* v. *United States*, 22 C. C. P. A. (Customs) 464, 470, T. D. 47464, as follows:

> The clear weight of the authorities on the subject is that an *eo nomine* statutory designation of an article, without limitations or a shown contrary legislative intent, judicial decision, or administrative practice to the contrary, and without proof of commercial designation, will include all forms of said article.

Plaintiff argues that the provision for "Oils, vegetable: Castor" is an *eo nomine* designation, without limitations, and includes castor oil in all its forms, including blown castor oil. Plaintiff further argues that the provision in paragraph 56, *supra*, under which the merchandise was classified by the collector, does not constitute the manifestation of a legislative intent contrary to the application of the doctrine of the *Smillie* and *Nootka* cases to the *eo nomine* designation of castor oil.

From the record, it is clear that the merchandise is a form of castor oil, but it is also clear that it is an oil, the composition and properties of which have been changed by oxidizing, and which is distinguished from other forms of castor oil by having the qualifying adjectives "blown" or "oxidized" added to its name.

We are of the opinion that the provision for "oils * * * the composition and properties of which have been changed by * * * oxidizing" constitutes a statutory limitation upon every designation of oils in the tariff act. As was held in the case of *W. B. Dick & Co. et al.*

v. *United States*, 51 Treas. Dec. 1082, Abstract 1999, referring to the predecessor provision couched in identical language in paragraph 57 of the Tariff Act of 1922:

Here we have the manifest intent of Congress to distinguish between oils and fats adaptable to the ordinary uses to which such oils and fats are applied and those which have been changed by vulcanizing, oxidizing, chlorinating, or nitrating.

We conclude, therefore, that in a competition between the provision for oxidized oils and the provision for castor oil, the former must control.

We observe that the provision, as stated above, is followed by the words "and not specially provided for," while the provision for castor oil is not so limited. The "not specially provided for" clause is one frequently encountered in the tariff laws, and various rules for the determination of its application to particular situations have developed during the course of time. One of these rules is that the presence of the clause in one of two competing provisions and its absence from the other may effect the classification of the merchandise under the provision which lacks it *only* where, without considering the "not specially provided for" clause, the goods are *equally* included within each of the competing provisions. *Drakenfeld & Co.* v. *United States*, 9 Ct. Cust. Appls. 124, T. D. 37979.

Inasmuch as, in our view, aside from the presence of the "not specially provided for" clause therein, the provision in paragraph 56 for oxidized oils constitutes a statutory withdrawal *pro tanto* of such oils from each provision for oils in the tariff act, it cannot be said that blown or oxidized castor oil is equally within the provision for castor oil and the provision for oxidized oils. In this situation, the absence of the "not specially provided for" clause from the former provision and its presence in the latter provision are of no significance in determining the classification of the merchandise.

Judgment will, therefore, issue overruling the protest claim.